Filing # 79536267 E-Filed 10/18/2018 02:22:57 PM

IN THE COUNTY COURT OF THE
FOURTH JUDICIAL CIRCUIT IN AND FOR
DUVAL COUNTY, FLORIDA

APRIL S. BARNES,

    Plaintiff,                                    Case No.:_____

v.                                             Small Claims Division

**TRIDENT ASSET MANAGEMENT, LLC,**                  Jury Trial Demanded

    **Defendants.**
_____/

## VERIFIED COMPLAINT AND JURY DEMAND

Plaintiff, April S. Barnes ("Ms. Barnes"), by and through counsel, files this Complaint and Jury Demand against Defendant, Trident Asset Management, LLC ("Trident"), and upon information and belief, states as follows:

### INTRODUCTION

1. This is an action brought by Ms. Barnes against Trident for damages arising from Defendant's violations of the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### PARTIES

2. Plaintiff, Ms. Barnes, is a natural person and a resident of Duval County, Florida.

3. Ms. Barnes is a "debtor" or "consumer" as that term is defined by the FCCPA, Fla. Stat. §559.55(8), in that Ms. Barnes is a natural person who is allegedly obligated to pay a debt.

4. Ms. Barnes is also a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3), in that Defendants sought to collect from Ms. Barnes a debt allegedly incurred for personal, family,

ACCEPTED: DUVAL COUNTY, RONNIE FUSSELL, CLERK, 10/19/2018 03:46:26 PM

-2-

or household purposes.  More specifically, the alleged debt relates to the purchase of children's toys.

5. Defendant Trident Asset Management, LLC is a Georgia Limited Liability Company that maintains its principal place of business at 53 Perimeter Center East, Suite 440, in Atlanta, Georgia.

6. Trident is registered with the Florida Secretary of State as a foreign Limited Liability Company under the name Trident AM, L.L.C., and Trident's registered agent is NRAI Services, Inc., 1200 South Pine Island Road, Plantation, FL 33324.

7. Trident is a "debt collector" as defined by the FCCPA, §559.55(7) and the FDCPA, § 1692a(6), in that the principal purpose of Trident's business is the collection of debts, and Trident regularly engages, for profit, in debt collection activities in Florida and several other states, and regularly uses the mails and other instrumentalities of interstate commerce to collect or attempt to collect consumer debts owed or due or asserted to be owed or due another.

8. Trident maintains a Consumer Collection Agency license with the Florida Office of Financial Regulation, and the principal source of Trident's revenue is debt collection

**JURISDICTION AND VENUE**

9. This Court has jurisdiction over this matter pursuant to Fla. Stat. §559.77 and 15 U.S.C. § 1692k(d).

10. Ms. Barnes seeks damages not exceeding $2,500, exclusive of interest, costs, and attorneys' fees.

11. Venue is appropriate because Plaintiff resides within this County, a substantial part of the events giving rise to this Complaint occurred here, and Trident regularly engages in debt collection activities in this County and throughout the State of Florida.

## FACTUAL ALLEGATIONS

12. In or around January 2018, Trident began contacting Ms. Barnes in connection with an attempt to collect a debt.

13. The debt at issue arose when Ms. Barnes made a purchase at Toys R Us in the amount of $159.41, which she inadvertently paid for with a check that was associated with a checking account other than the account for which she intended to made the payment.

14. The attempted payment failed and Toys R Us identified the amount owed as in default on or about September 23, 2014.

15. Toys R Us/Comenity Bank subsequently wrote off the debt and sold it to Orion Portfolio Services, LLC in 2017, who placed the account with Trident for collection.

16. Upon information and belief, in or around December 2017, Defendant began calling Ms. Barnes on her cellular telephone in connection with an attempt to collect the debt.

17. Shortly after the calls began, Ms. Barnes communicated her desire that Defendant cease calling her and instead send her something in writing.

18. Notwithstanding these communications, Defendant continued to place collection calls to Ms. Barnes on her cellular phone.

19. During a subsequent call, Ms. Barnes asked Defendant who they were and what they were calling about. Defendant's representative refused to identify herself and rudely declared that Ms. Barnes did not need to know who she was.

20. In early February 2018, Ms. Barnes was contacted and alerted to the fact that there had been some unusual activity regarding her credit.

21. Alarmed by the credit warning, Ms. Barnes reviewed her credit report and found several items that she did not recognize that she believed to be inaccurate and/or fraudulent.

22. One of these accounts was a collection account identified as "Trident Asset Manage" that showed a balance of $184.

23. Ms. Barnes did not recall ever opening an account with a company by that name and was perplexed by the fact the account was reported as a "Revolving" or "Open" account, and by the fact that the "Date Open" and "Last Reported" dates were identical – September 2014.

24. Ms. Barnes contacted Defendant to ask about the information they were reporting on her credit, and spoke to a representative named "Carmen."

25. When Ms. Barnes learned that the account Trident was reporting and attempting to collect was a Toys R Us account, she stated the debt had been paid a long time ago.

26. Defendant disregarded Ms. Barnes's dispute, declaring Ms. Barnes was wrong because it still needed to be paid and it did not matter how old it was.

27. When Ms. Barnes asked to speak to a manager, Defendant disagreed and informed Ms. Barnes that she did not need to speak to a representative.

28. Despite Ms. Barnes dispute of the account, Trident continued to report the account to the credit reporting agencies, but Trident failed to update its reporting to reflect Ms. Barnes's dispute.

29. Upon information and belief, Trident never investigated Ms. Barnes's dispute or provided Ms. Barnes with any information or documentation confirming the debt was valid.

30. During another call with Trident, Ms. Barnes spoke to an individual named "James," who informed Ms. Barnes that another individual that she had spoken to that identified herself as a manager was not actually the manager. When asked if he was a manager, James stated he was the manager when no one else was there.

31. When James demanded payment, Ms. Barnes stated she had never received anything in writing that showed the debt was still owed and that Defendant actually owned the debt.

32. Later that same day, when Ms. Barnes called Defendant intending to simply pay the account so she would be left alone and the derogatory mark off her credit, she heard a woman say, "it's that lady again," and another woman responded, "just hang up the phone." Defendant then hung up on Ms. Barnes.

33. Thereafter, Trident's collection activity continued.

34. Trident's policy and practice is that when a consumer disputes an account, but does not do so in writing, Trident disregards the dispute as if it had not been made and does not report the dispute to the credit reporting agencies.

35. In this case, Trident followed the aforementioned policy and practice, as Trident continued to report the debt, but failed to update its reporting to reflect Ms. Barnes's dispute.

36. Trident's collection efforts, including but not limited to its telephone calls, caused Ms. Barnes emotional distress in the form of anxiety, frustration, embarrassment, anger, and annoyance.

## COUNT I
### (Violation of the Florida Consumer Collection Practices Act)

37. Ms. Barnes re-alleges and incorporates by reference Paragraphs 2-8 and 12-36, as if fully set forth herein.

38. At all times relevant to this action, Defendant is subject to and must abide by Florida law, including the FCCPA, Fla. Stat. § 559.72.

39. Defendant is a "debt collector" as that term is defined in the FCCPA, Fla. Stat. § 559.55(7), in that Defendant has held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

40. Plaintiff is a "consumer" as defined by the FCCPA, Fla. Stat. § 559.55(8), and is a person whom the act was intended to protect.

41. Within the past twenty-four (24) months, Defendant attempted to collect a "debt" within the meaning of FCCPA Fla. Stat. § 559.55(6), as it was an alleged financial obligation that was incurred primarily for personal, family, or household purposes.

42. Defendant willingly and knowingly violated Fla. Stat. §559.72(7) by engaging in conduct that can reasonably be expected to abuse or harass Ms. Barnes.

43. Defendant also violated Fla. Stat. § 559.72(5) by disclosing to a person other than Ms. Barnes or her family information affecting Ms. Barnes's reputation, whether or not for credit worthiness, with knowledge or reason to know that the information is false.

44. As a result of the above violations of the FCCPA by Trident and/or its agents, Trident is liable to Ms. Barnes for actual damages, statutory damages, and reasonable attorney's fees and costs, pursuant to Fla. Stat. §559.77(2).

45. Based upon Defendant's willful, intentional, knowing, malicious, and continuous conduct as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Ms. Barnes respectfully requests this Court enter judgment in her favor and against Defendant as follows:

    a. Statutory damages of $1,000.00;

    b. All actual and compensatory damages suffered;

    c. Emotional and/or mental anguish damages;

    d.    Punitive damages;

    e.    Plaintiffs attorney's fees and costs; and

    f.    Any other relief deemed necessary and appropriate by this Honorable Court.

## COUNT II
### (Violation of the Fair Debt Collection Practices Act)

46.    Plaintiff re-alleges and incorporates by reference Paragraphs 2-8 and 12-36, as if fully set forth herein.

47.    Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

48.    Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

49.    Within the last twelve (12) months, Defendant sought to collect an account or "debt" as defined by 15 U.S.C. §1692a(5) from Ms. Barnes that arose from a transaction that was primarily for personal, family, or household purposes.

50.    The reporting of a consumer debt to a credit reporting agency is a "communication" as the term is defined in 15 U.S.C. § 1692a(2), and is collection activity subject to the FDCPA.

51.    Defendant violated 15 U.S.C. § 1692c(a)(1) by communicating with Plaintiff at a time or place known, or which should have been known, to be inconvenient to Plaintiff.

52.    Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

53.    Defendant violated 15 U.S.C. § 1692e(2)(a) by falsely representing the character of the debt.

54. Defendant violated 15 U.S.C. § 1692e(8) by failing to communicate that the debt was disputed to the credit reporting agencies.

55. Defendant violated 15 U.S.C. § 1692e(10) by making false representations in connection with an attempt to collect a debt.

56. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

57. As a result of these violations of the FDCPA by Defendant and/or its agents, Defendant is liable to Plaintiff for statutory damages, actual damages, and reasonable attorney's fees and costs, pursuant to 15 U.S.C. section 1692k.

WHEREFORE, Ms. Barnes respectfully requests this Court enter judgment in her favor and against Defendant as follows:

    a. Statutory damages of $1,000.00;

    b. All actual and compensatory damages suffered;

    c. Emotional and/or mental anguish damages;

    d. Plaintiff's attorney's fees and costs; and

    e. Any other relief deemed necessary and appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

58. Ms. Barnes demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff April Barnes respectfully requests the Court enter judgment as follows:

    a.    Judgment against Trident for actual damages, statutory damages, costs and reasonable attorney's fees, plus punitive damages pursuant to Fla. Stat. § 559.77.

    b.    Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    c.    For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date: October 18, 2018    By: _____

Sharina T. Romano, Esq.
Florida Bar No.: 65501
Romano Law Firm, P.A.
7643 Gate Pkwy, Ste 104-96
Jacksonville, FL 32256
Tel: (904) 299-2930
Email: sromano@romfirm.com

*Counsel for Plaintiff*

## VERIFICATION OF THE COMPLAINT AND CERTIFICATION

STATE OF FLORIDA            )
                            )
COUNTY OF DUVAL             )

Plaintiff, April Barnes, having first been duly sworn and, upon oath, deposes and states as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true to the best of my knowledge, information, and belief.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated reductions made by my attorneys, where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

_April Barnes_
APRIL BARNES

Subscribed and sworn to me
this 16 day of October, 2018.

My Commission Expires: 2/22/2022

_____
Notary Public

Proof of I.D.: _____

MATTHEW ROMANO
MY COMMISSION # GG188771
EXPIRES: February 22, 2022

-10-